■ In the Matter of the Claim of ALAN D. WEXLER, Appellant. COMMISSIONER OF LABOR, Respondent. [791 NYS2d 226]—

Rose, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 23, 2003, which ruled that claimant was ineligible to receive unemployment insurance benefits under the temporary extended unemployment compensation program for displaced airline-related workers.

Claimant, a legal secretary, was employed by two temporary employment agencies to perform word processing and secretarial services for law firms whose clients included airline companies. Claimant was laid off due to lack of available work and applied for unemployment insurance benefits in August 2002. After exhausting his regular benefits, claimant filed a claim for extended benefits under the Temporary Extended Unemployment Compensation Act of 2002 (hereinafter TEUC-A; see Pub L 108-11, 117 US Stat 607), which entitles displaced airline-related workers who meet certain eligibility criteria to receive extended benefits. The application was denied and, following a hearing, the Administrative Law Judge upheld the denial of benefits. The Unemployment Insurance Appeal Board thereafter affirmed, finding that claimant's employment was not airline related within the meaning of TEUC-A. Claimant now appeals.

Under TEUC-A, a claimant is eligible to receive extended unemployment benefits only if his or her base period of employ-

ment was "with an air carrier, [or] at a facility at an airport, or with an upstream producer or supplier for an air carrier" (Pub L 108-11, 117 US Stat 607, § 4002 [a] [2] [A]). Claimant's testimony at the hearing, his application for extended benefits and the questionnaires completed by his employers, the two temporary employment agencies, establish that claimant was not directly employed by an airline, he did not work at an airport facility and his employers did not supply services to airlines. Claimant argues, however, that his employers were upstream producers for airlines because they provided contract services "that were ultimately received by airlines through their respective law firms." We disagree. The record reveals that claimant's employers provided contract services to law firms and were not upstream producers or suppliers for any airline. Accordingly, we find that substantial evidence supports the Board's determination that claimant's employment was not airline related so as to entitle him to receive extended benefits under TEUC-A.

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.